UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| A&A JEWELLERS LIMITED and<br>A&A JEWELERS, INC., | 05-CV-0020E(Sc) |
| Plaintiffs, | MEMORANDUM |
| -vs- | and |
| BOGARZ, INC., | ORDER[1] |
| Defendant. | |

---

Plaintiffs A&A Jewellers Limited and A&A Jewelers, Inc. (collectively "A&A") commenced this action on January 10, 2005 against defendant Bogarz, Inc. alleging tortious interference with economic advantage. On February 25, 2005 Bogarz moved to dismiss A&A's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP") for failure to state a claim. For the reasons set forth below, Bogarz's Motion will be granted.

A&A has commenced two other actions against Bogarz which are currently pending before this Court — *viz.*, 04-CV-0195E(Sc) and 04-CV-0473E(Sc). All three actions arise out of a general dispute as to who owns valid copyrights in various jewelry designs. A&A designs, manufactures, markets and distributes jewelry items across the United States and Canada and has an ongoing business relationship with Wal-Mart Stores, Inc. Bogarz is a designer and manufacturer of

---

[1] This decision may be cited in whole or in any part.

family jewelry.  A&A alleges that, for at least two months prior to February 25, 2005, Bogarz had been communicating with Wal-Mart in an effort to convince Wal-Mart to stop doing business with A&A based on Bogarz's belief that A&A had been selling copies of Bogarz's original designs ("the Designs") to Wal-Mart.  In support of this allegation, A&A's Complaint includes a letter from Bogarz's principal, Abraham Arzerounian, to an individual at Wal-Mart's Corporate Office (the "Bogarz Letter").  The heading of the Bogarz Letter reads "Bogarz, Inc." followed directly beneath by the words "Family Jewelry Collection".  The Bogarz Letter states in pertinent part:

> "I am writing to voice our concern about certain other Family Jewelry items that are being sold by Wal-Mart.  Two of the designs that are being sold to you by A&A Jewelers are copies of designs that were developed by Bogarz several years ago. *** For your reference, I have enclosed a copy of our copyright registration for design no.33.  No. 59 copyright is pending. *** I would be grateful if you would withdraw these two designs from your line of Family Jewelry."  (Pls.' Compl. Ex. A.)

A&A's Complaint states a single cause of action against Bogarz for intentional interference with economic advantage between A&A and its retail customers, including Wal-Mart. Specifically, A&A alleges that Bogarz knew that the Designs were original to A&A or its predecessors and therefore acted dishonestly in requesting Wal-Mart to stop selling A&A's jewelry items.  Bogarz moved to dismiss A&A's Complaint pursuant to FRCvP 12(b)(6).

FRCvP 12(b)(6) entitles a defendant to a judgment of dismissal where a complaint fails to state a claim upon which relief can be granted.  The standard of review on a motion to dismiss is heavily weighted in favor of a plaintiff.  The Court is required to read a complaint generously, accepting the material facts alleged therein as true and drawing all reasonable inferences from the complainant's allegations. *Cal. Motor Transp. Co.* v. *Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Frasier* v. *Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991).  A defendant is entitled to dismissal pursuant to FRCvP 12(b)(6) only when the court finds that "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).  Review is limited, and the "issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc.* v. *Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (citations omitted).

To state a valid claim of intentional interference with economic advantage under New York law[2], A&A must allege that Bogarz's interfering conduct was "culpable", meaning either that (1) Bogarz "acted for the *sole* purpose of inflicting intentional harm on [A&A]" or (2) Bogarz "affected [*sic*] the interference by 'wrongful means.'" *Catskill Dev., L.L.C.* v. *Park Place Entm't Corp.*, 345 F. Supp.

---

[2]The parties do not dispute that New York law applies.

2d 360, 363 (S.D.N.Y. 2004). Actions taken, at least in part, to promote or advance Bogarz's economic self-interest are, by definition, not taken for the sole purpose of harming A&A. *Ibid.*; *see also Scutti Enters. LLC* v. *Park Place Entm't Corp.*, 322 F.3d 211, 216 (2d Cir. 2003)*.* "Wrongful means" is defined under New York law as "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure[, but does not] include persuasion alone although it is knowingly directed at interference with the [business relations]." *Scutti Enters.*, at 216 (citations omitted). "Wrongful economic pressure" has to be "extreme and unfair" or "egregious" and must be determined "in the light of the circumstances in which it is exerted *** and the relations between the parties". *Carvel Corp.* v. *Noonan*, 3 N.Y.3d 182, 192, 196, 197 (N.Y. 2004) (quotations omitted).

In support of its claim, A&A only cites Bogarz's communication with Wal-Mart. A&A makes the conclusory allegation that Bogarz's behavior was "wrongful" (Compl. ¶20); however, a business letter "voicing [Bogarz's] concern" that Wal-Mart is selling the Designs — which Bogarz claims are infringing items — cannot be considered wrongful economic pressure. *See, e.g., Catskill Dev.*, at 364-365 (finding $3 million payment not wrongful); *see also Nadel* v. *Play-by-Play Toys & Novelties, Inc.*, 208 F.3d 368, 382 (2d Cir. 2000) (finding that mere suspicions are inadequate to support a claim for tortious interference with

business relations). Therefore, A&A has not sufficiently alleged and can prove no set of facts in support of its claim that Bogarz's interference was wrongful.

A&A also makes the conclusory allegation that Bogarz's interference was "done with the sole purpose of harming [A&A]." (Compl. ¶21.) Clearly, however, this is not the case. A&A states in its Complaint that Bogarz informed Wal-Mart that A&A had been selling the Designs — which Bogarz claims are copies of Bogarz's original designs — to Wal-Mart. (Compl. ¶12.) Furthermore, as the parties and the Court are well aware, A&A and Bogarz have asserted — in this and other litigations before the Court — rights to distribute, *inter alia*, the Designs. Even though A&A alleges that Bogarz knows that the Designs are original to A&A, the circumstances surrounding the interference — *viz.*, informing Wal-Mart of a potential infringement and asking Wal-Mart to stop selling the allegedly infringing items — and the litigious history between the parties indicates, at the least, that Bogarz is not certain of such. Thus, no set of facts can prove that Bogarz's *sole* motivation for the interference was to harm A&A. Whether such harm was a factor in Bogarz's decision to interfere is irrelevant because Bogarz — either entirely or partly — was motivated by its desire to protect its economic interests. It is impossible to argue otherwise. Therefore, A&A's claim will be dismissed.

Accordingly, it is hereby **ORDERED** that Bogarz's Motion to Dismiss is granted, that A&A's claim is dismissed and that the Clerk of the Court shall close this case.

DATED:	Buffalo, N.Y.

	September 7, 2005

					_/s/ John T. Elfvin_____
					JOHN T. ELFVIN
					S.U.S.D.J.